# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| AMERICAN ELECTRIC POWER SERVICE CORPORATION as fiduciary of the AMERICAN ELECTRIC POWER SYSTEM COMPREHENSIVE MEDICAL PLAN, <br><br> Plaintiff, <br> v. <br><br> JOHN K. FITCH, as administrator of the ESTATE OF JOHN D. FITCH, AND GLORI FITCH, <br> Defendants. | Case No. 2:21-CV-682 |

## COMPLAINT

COMES NOW, the American Electric Power Service Corporation ("AEP"), as fiduciary for the American Electric Power System Comprehensive Medical Plan ("AEP Plan"), by and through undersigned counsel, and for its Complaint against the Defendants, states and alleges as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000-1461, ("ERISA").

2. The AEP Plan is a self-funded employee welfare benefit plan as those terms are defined by ERISA. AEP is the plan sponsor and plan administrator, and therefore a fiduciary, of the AEP Plan. AEP is authorized to bring this action on behalf of all AEP Plan participants and

beneficiaries to enforce the terms of the AEP Plan and to protect the assets of the AEP Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of an equitable lien by agreement over identifiable funds in the possession and/or control of the Defendants. No money damages are being sought from the Defendants in this action.

4. Defendant, John K. Fitch, is a resident of the State of Ohio, residing at 2119 Brookhurst Avenue, Columbus, Ohio 43229.

5. Defendant, Glori Fitch, is a resident of the State of Ohio, residing at 1000 Urlin Avenue, Apartment A12, Columbus, Ohio 43212.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA.

7. Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendants reside in this district and because the breach of the AEP Plan provisions has occurred and is occurring in this district.

**FACTUAL ALLEGATIONS**

8. At all times relevant herein, John D. Fitch ("Decedent") was a beneficiary of the AEP Plan.

9. Decedent received medical benefits under the AEP Plan through his mother, Glori Fitch's employment with AEP. Glori Fitch specifically enrolled Decedent for benefits under the AEP Plan.

10. On or about October 11, 2019, Decedent sustained significant injuries as the result of an automobile accident. Prior to his death from these injuries, the AEP Plan paid benefits in the amount of $101,582.46 for Decedent's accident-related medical treatment.

11. The AEP Plan provides: "The Plan shall be secondary in coverage to any medical payments provision, no-fault automobile insurance policy or personal Injury protection regardless of any election made by you to the contrary." Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the AEP Plan, which are incorporated by reference herein.

12. The AEP Plan also contains an express provision which provides that AEP Plan must be fully reimbursed from a recovery from any source, including liability insurance and automobile medical payments coverage. This language constitutes an equitable lien by agreement over the proceeds of any settlement, including recoveries obtained by the covered person's relatives, heirs, or assignees. Exhibit A, Page 2.

13. The Estate of John D. Fitch ("the Estate"), through its administrator John K. Fitch, asserted a claim against the driver at-fault for the aforementioned automobile accident.

14. The Estate settled the liability claim against the at-fault driver, and received $500,000 from his insurer, Nationwide Mutual Insurance Company.

15. In addition, the Estate asserted a claim against the medical payments coverage of Decedent's automobile policy issued by State Farm Mutual Automobile Insurance Company ("State Farm").

16. The Estate received $100,000 from the State Farm medical payments coverage.

17. On October 12, 2020, counsel for the Estate filed an Application to Approve Settlement and Distribution of Wrongful Death and Survival Claims with the Probate Court of Franklin County, Case No. 601654 ("Application"). A true and correct copy of the filed Application is attached hereto as Exhibit B.

18. At no time prior to filing the Application, did the Estate provide notice to the AEP Plan or its third party administrator of the Estate's receipt of the $500,000 liability settlement or the $100,000 medical coverage payment.

19. The Application requested that the proceeds of the "partial settlement of $600,000" be allocated entirely to the wrongful death claims, with none of the proceeds being allocated to the Survival Claims of the Estate.

20. Medical expenses incurred by the Estate, are not damages recoverable in a wrongful death action under R.C. § 2125.02(B).

21. The State Farm medical payment coverage does not cover damages incurred as the result of an insured's wrongful death, including: loss of support, loss of services, loss of society, mental anguish, or any other damage itemized in R.C. § 2125.02(B).

22. Neither in Application, nor in the Narrative Statement attached to the Application, does the Estate advise the probate court that $100,000 of the proceeds came from medical payment coverage intended exclusively for medical expenses incurred by John D. Fitch.

23. Failure to disclose the fact that $100,000 of the settlement came from medical payment coverage was a deliberate attempt by the Estate to have those funds improperly allocated to wrongful death claims.

24. The probate court signed an order approving the Application on October 12, 2020, the day it was filed. The order allocated the entire $600,000, including the $100,000 received from the State Farm medical payments coverage, to the wrongful death claims. Specifically, the order allocates $250,750.00 of the $600,000 to Glori Fitch.

## COUNT I: EQUITABLE LIEN BY AGREEMENT ON MEDICAL PAYMENT PROCEEDS HELD BY THE ESTATE

25. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24 above.

26. Pursuant to 29 U.S.C. §1132(a)(3), AEP seeks equitable relief against to enforce ERISA and the written terms of the AEP Plan.

27. Upon information and belief, the John K. Fitch, as administrator of the Estate of John D. Fitch, is in actual or constructive possession of medical payment proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the AEP Plan.

28. The Estate has failed to turn over the medical payment proceeds according to the written provisions of the AEP Plan.

29. This Court should impose an equitable lien by agreement in favor of the AEP Plan on the settlement funds that is in John K. Fitch's or the Estate's actual or constructive possession.

## COUNT II – EQUITABLE LIEN BY AGREEMENT ON WRONGFUL DEATH PROCEEDS ALLOCATED TO GLORI FITCH

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 29 above.

31. Upon information and belief, John K. Fitch as administrator of the Estate, or Glori Fitch, is in possession of $250,750.00 paid

32. At the time that the AEP Plan paid benefits for the Decedent's accident-related medical expenses, Glori Fitch was a participant of the AEP Plan and was, and remains, bound by its terms.

33. The Decedent's status as beneficiary of the AEP Plan was at the direct election of Glori Fitch.

34. The terms of the AEP Plan provide that the AEP Plan shall be reimbursed from "any Recovery to the extent of benefits the Plan paid…[n]ot withstanding any allocation or designation of [the] Recovery (e.g. pain and suffering) made in a settlement agreement or court order…" Exhibit A, page 2.

35. The AEP Plan also provides: "[i]f the covered person's relatives, heirs, or assignees make any Recovery because of injuries sustained by the covered person, that Recovery shall be

36. It would be inequitable to allow Glori Fitch, through her dependent, to receive the benefit of the AEP Plan's payment without honoring the plan's reimbursement provisions.

37. This Court should impose an equitable lien by agreement over any funds allocated to Glori Fitch pursuant to the probate court order.

## COUNT III – ATTORNEYS' FEES (AGAINST ALL DEFENDANTS)

38. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 37 above.

39. Plaintiff seeks its actual attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff seeks the following relief:

    a.    For service upon the Defendants as required by law;

    b.    An order imposing an equitable lien by agreement in favor of the Plaintiff upon the settlement proceeds and requiring Defendants, as constructive trustee, to transfer the funds to the Plaintiff;

c.     An order enjoining the Defendants from transferring or disposing of the settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

d.     An order awarding to Plaintiff reasonable attorneys' fees and costs incurred herein, pursuant to section 29 U.S.C. § 1132(g)(1); and

e.     Other and further equitable relief to which the Plaintiff may be entitled.

Respectfully submitted,

**KOLB, CLARE AND ARNOLD, PSC**

*/s/ John D. Kolb*
John D. Kolb (0081618)
jkolb@kcalegal.com
9400 Williamsburg Plaza, Suite 200
Louisville, Kentucky 40222
(502) 614-3776  Telephone
(844) 557-439  Facsimile

**ATTORNEY FOR PLAINTIFF**